## Giménez *v.* Sucesión Guarch.

## Apelación procedente de la Corte de Distrito de

## Humacao.

No. 57. Resuelto en Marzo 11, 1905.

Interdictos.—Posesión.—En los interdictos solo puede investigarse el hecho de la posesión, pues el objeto del interdicto es amparar al poseedor en el goce y disfrute de aquélla.

Id.—Servidumbres.—Fundado el interdicto en la posesión de una servidumbre, aun cuando no sea necesario demostrar la adquisición ú origen de tal servi-

dumbre, el demandante está obligado, sin embargo, á probar hechos suficientes de los cuales pueda deducirse la existencia de la servidumbre y el uso que de la misma tuviere.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Guzmán Benítez* (José).

Abogado del apelado.: *Sr. Bosch.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del Tribunal.

El presente es un recurso de apelación interpuesto contra una sentencia dictada por la Corte de Distrito de Humacao, la demandante alegó en su solicitud para el interdicto, que los demandados fabricaban una nueva casa, y que dicha obra nueva ó construcción le perjudicaba á ella, la demandante, puesto que le privaba de una servidumbre indispensable al servicio y salidas de su casa, del cual se había hecho uso durante tiempo inmemorial. La Corte inferior no concedió el interdicto, y dictó la siguiente sentencia:

"Sentecia.—En la ciudad de Humacao á treinta de Abril de mil novecientos tres.—Visto en juicio oral y público el juicio de interdicto de obra nueva establecido por el Lcdo. Don Rafael Arce Rollet, á nombre de Doña Dolores Giménez Cruz asistida de su esposo Don Nicolás Quiñones Cabezudo, contra Doña Josefa, Doña Blanca, Don Fernando, Don Lorenzo Guarch y Ríos, y Don Fernando Giménez Guarch como componentes de la Sucesión Guarch y Ríos, representando el último á su madre Doña Julia y estándolo todos por Don José del Carmen Giménez como padre legítimo de Don Fernando Jiménez Guarch y como tutor dativo de los demás á quien ha dirigido el Lcdo. Don Pedro de Aldrey y Montolio.—1.—Resultando:—que en treinta de Marzo del corriente año Doña Dolores Jiménez Cruz asistida de su esposo Don Nicolás Quiñones Cabezudo, por medio de su letrado acudió á este Tribunal formulando demanda de interdicto de obra nueva contra los componentes de la Sucesión Guarch, representados por el tutor Don José del Carmen Jiménez, que fundó en que la dicha Sucesión, estaba levantando una pared de mampostería para amplir la fábrica de una casa que construye en la calle de Betances de la Ciudad de Caguas, frente al Parque Central, la cual pared se cons-

truía sin respetar la parte de terreno que corresponde á la Sra.
demandante en el callejón que separa su casa de la que está en
fábrica, cosa que le perjudica porque le priva de una servidumbre
indispensable para el servicio y salidas de su dicha casa y que uti-
liza desde tiempo inmemorial; pidiendo en consecuencia de su de-
manda de interdicto de obra nueva que se decretara desde luego
provisionalmente la suspensión de la fábrica de dicha pared y que
esa suspensión se confirme á su tiempo, previos los trámites regu-
lares, con condena de costas á la parte demandada.—2.—Resultan-
do:—que por providencia del mismo día se mandó requerir á Don
José del Carmen Jiménez, como representante de la Sucesión Guarch
y Ríos y de su hijo legítimo Don Fernando Jiménez Guarch, bajo
los apercibimientos legales, cuyo extremo fué cumplido el día dos
de Abril y en la misma fecha citado el propio Sr. Jiménez en la
representación dicha para concurrir el día siete del referido mes
al juicio verbal que por la misma providencia se señaló.—3.—Resul-
tando: que llegado el día siete de Abril, señalado como antes se
ha dicho para la celebración del juicio, hubo éste de suspenderse
á petición del Letrado de la parte demandante, fundada en la en-
fermedad de una hija suya y en la propia providencia fué seña-
lado el quince de Abril para el acto del juicio.—4.—Resultando
que en este segundo señalamiento tuvo efecto la comparecencia de
las partes, agregando en el juicio el Letrado de la parte actora que
ratificaba su demanda, por que la obra denunciada se construía mali-
ciosamente, digo temerariamente por la Sucesión Guarch, toda vez
que se oponía á la orden del Ayuntamiento de Caguas que le pre-
venía dejar un espacio de dos metros cuarenta centímetros en-
tre la casa que se construía y la de la Sra. demandante: que la
Sucesión Guarch que construía una casa de siete metros de facha-
da la ha querido ampliar en el callejón ó espacio que mandó dejar
libre el Ayuntamiento, para lo cual había hecho infinitos esfuerzos
el representante de la Sucesión cerca del Ayuntamiento sin que ob-
tuviera éxito porque fué desatendida en sus peticiones; que la Sra.
Jiménez sufre perjuicios en la posesión del callejón por el cual da
entrada á sus vacas, caballos y á los criados; se le impide hacer la
limpieza de la letrina de los bajos de su casa y también pintar la
pared que da al callejón por todo lo cual solicitó que se confirmase
la suspensión de la obra.—5.—Resultando:—que el Letrado de la
parte demandada se opuso á la demanda y por ello pidió al Tri-
bunal que se alce la suspensión que se decretó en la obra y se con-
denase á la parte actora á indemnizar los daños y perjuicios cau-

sados por la paralización que obtuvo y, además, al pago de las costas fundándose para ello en que la reclamación está falta de todo fundamento. lo que desde luego salta á la vista, puesto que en el segundo párrafo de la demanda se consigna al principio de él, que ella se apoya en que la obra no respeta la parte de terreno que corresponde á la Sra. demandante, lo que demuestra que la basa en su derecho de propiedad sobre el terreno que se edifica y en cambio en otro párrafo se consigna que la petición se aduce porque la obra le priva de una servidumbre, lo que demuestra falta de derecho para pedir, toda vez que si es dueño del terreno no puede sobre él mismo tener servidumbre á su favor; en que la demanda está mal formulada, porque si no se funda en el derecho de propiedad y sí en el de servidumbre, debió establecerse el interdicto de recobrar y no el de obra nueva; que la Sra. demandante no es dueña del terreno en que se fabrica la pared porque los solares son del Municipio; que la Sra. Quiñones sólo se le concedió para fabricar un frente de quince varas que tuvo la casa anterior á la suya, cuya medida de frente fué ampliada á quince varas y media en el año mil ochocientos cuarenta y ocho, por concesión que de esa media vara de diferencia le hiciera el dueño colindante; á pesar de ello, al construir su casa en el año mil ochocientos noventa y tres, le dió un frente de casi diez y seis varas, según su propia declaración en el expediente de dominio que de la misma tramita en este Tribunal: que demuestra que su solar es sólo de quince varas y media el hecho de que el esposo de la demandante acudió al Ayuntamiento de Caguas en diez y siete de Julio de mil ochocientos noventa y tres, pidiendo le cediera media vara más del solar colindante á fin de que su casa tuviera diez y seis varas, lo cual no hubiera hecho si el callejón que hoy discute le perteneciera, habiendo acordado el Ayuntamiento que se entendiera con el dueño colindante: que también demuestra su ningún derecho en el solar donde fabrica la Sucesión Guarch el hecho de que en el año mil novecientos tres pidiera á la Corporación Municipal que le cediera el solar en que fabrican los demandados: que con la demanda, ni en este acto, se presenta título alguno de propiedad: que si bien la Sucesión Guarch comenzó á fabricar con una fachada de siete metros, dejando un callejón de dos y medio contiguo á la casa de la demandante, fué porque así le convino, como hoy le interesa ampliarla, pero no por limitación alguna que se le hiciera por el Municipio: que no hay disposición ninguna gubernativa que impida fabricar contiguas las casas de material: que por las anteriores razones no tiene Da. Dolores Jiménez

acción para pedir, como tampoco, fundada en las ordenanzas Municipales, ni en las Leyes de Policía, ni de Sanidad, toda vez que ella no tiene la representación de tales entidades: que nunca ha existido servidumbre á favor de la demandante, ni se justifica, toda vez que la servidumbre de paso que es discontinúa no puede adquirirse por prescripción, sino á virtud de título ó por escritura de reconocimiento de la misma y por todo lo expuesto solicitó como al principio queda consignado, pidiendo además la apertura á prueba.—6.—Resultando:—que no habiendo replicado el actor, fué abierto el juicio á prueba, proponiéndose por la demandante la de confesión, documental y testifical y de iguales medios se sirvió la parte demandada, quien durante el curso de la práctica de ella renunció á la de confesión.—7.—Resultando:—que entre los documentos presentados por la actora, figura una certificación del Secretario del Ayuntamiento de Caguas, creditiva de que en sesión del Ayuntamiento de cuatro de Octubre de mil ochocientos noventa y nueve, se acordó que en las edificaciones mediara espacio de metro y medio: otra del propio Secretario de que en sesión de nueve de Enero de mil novecientos uno, se acordó que pasase á la Comisión primera para que informase lo conveniente sobre un escrito de Don Nicolás Quiñones insistiendo que se le ponga en posesión de la parte de fondo que falta por el lado del Oeste para completar que ha fabricado su esposa y llama la atención del Consejo sobre el hecho de haber vencido el plazo que concediera á Don Salvador Mas para fabricar: otra de igual funcionario referente á la sesión de nueve de Enero de mil novecientos uno en que se dió cuenta con un escrito de Don Salvador Mas en que manifestaba haber comenzado la fábrica de una casa de mampostería y rogaba la intervención de la comisión que correspondiera, acordando el Consejo que interviniera la comisión primera é indicando á ella que la circular de ocho de Julio de mil ochocientos noventa y tres, nada dice respecto al espacio que deba dejarse en las construcciones de materiales fuertes: otra certificación de que los terrenos del recinto urbano de la ciudad de Caguas son propiedad del Municipio, quien á su nombre los tiene inscritos en el Registro de la Propiedad: una comunicación dirigida á Don Nicolás Quiñones Cabezudo en la que el Alcalde de Caguas le manifiesta que á su solicitud y á la del Sr. Jiménez, ambas en pretensión de fabricar el callejón existente entre la casa de la Sra. del primero y la de siete metro de fachada que venía construyendo por el segundo, no afectaba en nada al ornato público la construcción ó no de dicha zona. Resultando que por su parte el demandado presentó los

siguientes documentos: certificación del Secretario de este Tribunal de que el expediente de dominio que tramita Da. Dolores Jiménez Cruz de una casa situada en la plaza de Caguas, calle de Betances esquina á la de Baldorioty mide dicha finca trece metros treinta y seis centímetros de frente, equivalentes á quince varas y noventa y siete centavos de vara, la que colinda por el Oeste con finca urbana de la Sucesión de D. Antonio Guarch y que fué adquirida por construcción que de ella se hiciera en el año mil ochocientos noventa y cuatro: copia notarial de una escritura otorgada en Caguas, el primero de Mayo de mil ochocientos cuarenta y ocho por la que Don José Jiménez dueño entonces de la casa que existió en el solar que hoy fabrica la Sucesión Guarch consintió en que la casa de su convecino Don Teodoro Nazario que fué sustituída por la de la Sra. demandante, tuviera quince varas y media en vez de las quince que hasta entonces había tenido: otra copia de escritura otorgada al día siguiente por la que al vender Don Teodoro Nazario su casa á Don Celestino López lo hace ya con un frente de quince y media varas: copia de otra escritura por la cual al vender Don Manuel Ríos á Da. Ramona Suárez Valdez en el año mil ochocientos sesenta y ocho la casa que había pertenecido al Sr. Nazario, lo hizo con un frente de quince y media varas: certificación del Secretario del Ayuntamiento de Caguas de un escrito presentado á dicha Corporación por Don Nicolás Quiñones Cabezudo en veinte y ocho de Junio de mil ochocientos noventa y nueve en el que solicita se le entregue para edificar el solar inmediato al de su esposa: otra del propio funcionario de un escrito del Sr. Quiñones de diez y siete de Junio de mil ochocientos noventa y tres, solicitando del Consejo le cediera media vara de solar, á fin de que el frente de la casa que estaba fabricando en la calle del Rosario esquina á la de Alfonzo XII, tuviera las diez y seis varas de que ha de constar todo solar, á cuyo escrito resolvió la Corporación, que si quería podía utilizar esa media vara, pero entendiéndose para ello con el propietario del sitio contiguo: otra certificación sobre los mismos particulares que la anterior; otra referente á un escrito de Don Salvador Mas como tutor de los menores Guarch y Ríos, referente á la presentación del plano para la edificación de la finca de que se trata y del acuerdo del Consejo nombrando una comisión, á la que advirtió que la Circular de 8 de Junio de 1893 nada dice del espacio que deba dejarse entre las casas de material, é inserción del informe de aquella comisión, en la que se manifiesta que entre la nueva fábrica y la casa de Da. Josefa Ríos queda un espacio de ochenta y cuatro centímetros y que según

resolvió el encargado de la obra dejaría otro de dos metros cincuenta centímetros entre la finca que se construye y la de Da. Dolores Jiménez: otra de un escrito de Don Nicolás Quiñones por el que en veinte y uno de Marzo de 1903, solicitaba del Ayuntamiento el solar en que fabricaba la Sucesión Guarch, alegando como título el que había prescrito el término que á dicha Sucesión le fué concedido para la construcción: otra de que la sucesión Guarch y Ríos ha pagado las contribucionespor el solar en que hoy levanta la finca: 9:—- Resultando:—que Don José del Cármen Jiménez contestó que mientras él regentea la tutela de dichos menores no ha adquirido nuevos derechos sobre el solar en que fabrica la Sucesión Guarch: que es cierto que frente al callejón que existía entre ambas casas, existe una casilla pequeña y una letrina que está situada en el fondo de un medio solar, que fabricó el Sr. Quiñones, al cual solar se entra por la calle de Badorioty, donde para el objeto existe un portón: que si bien es cierto que puso por orden del Ayuntamiento una cerca en el mencionado callejón la quitó para introducir los materiales de fabricación y que el esposo de la Sra. Jiménez le propuso poner por cuenta de ambos una puerta en dicho callejón, pero esa proposición no la aceptó el demandante.—10.—Resultando:—que los testigos Don José Ríos Aponte, José Muñiz Sánchez y Cristóbal Colón expusieron constarles que entre las antiguas casas que existieron en las que ocupan hoy las de este litigio había un callejón de tres metros: que por él entraba su coche Don Nicolás Quiñones antes de ser fabricada la actual casa de su esposa: que para esa fábrica se utilizó el mencionado callejón para entrar los carros con materiales: los mismos testigos y además Don Ramón Schroder, José Santana, Rafael Recci y Victor Cristian manifestaron que después de construída la casa de la demandante ha continuado usando el callejón para la entrada de vacas, de dicha Sra. criados y paso de caballos: que por el callejón se puede subir á la casa de la actora: que en línea recta con él se encuentra una letrina y un cobertizo: que la fábrica que viene haciendo la Sra. Jiménez con el fondo de su casa, vierte sus aguas en el callejón: que el solar en que hoy construye la Sucesión Guarch estuvo unos veinte años sin fabricar y cuando se inició el trabajo ya hacía años que había terminado el suyo la Sra. Quiñones: que Don Nicolás Quiñones ha atendido al saneamiento del callejón y que por lo estrecho que éste ha de quedar hoy, no podrá limpiarse la letrina ni pintarse las paredes y á repreguntas contestaron algunos de ellos que el solar en que está la letrina de que se habla tiene salida al patio de la Sra. Jiménez y por él á la calle de Alfonso XII: que por

esta calle tuvo su entrada la antigua casa que existió en el solar de la Sra. Jiménez: alguno dijo que el callejón pertenece al Ayuntamiento y que después de construída la casa del Sr. Quiñones por los bajos de ella entra su coche.—11.—Resultando:—que los testigos de la parte demandada Don Odon Somonte, Miguel Puig Auger, Francisco López, Manuel Suárez, Segundo Delgado y Hermógenes Jiménez, expresaron ser cierto que la casa anterior á la de la Sra. Quiñones tenía la entrada por la calle de Alfonso XII hoy Baldorioty: que la contigua donde hoy fabrica la Sucesión Guarch, tenía su entrada exclusiva para ella por un callejón que hacía las veces de zaguán y la separaba de su colindante donde fabricó la actora: que derribadas ambas casas quedaron los solares vacantes, accesibles al Público: el tercer testigo además, que como carpintero fué encargado de derribar las casas viejas de que se hace mención, conociendo el callejón que las separaba, el que pertenecía y utilizaba únicamente la que existió, donde hoy fabrica la Sucesión Guarch: que las casas fueron derribadas del ochenta y cuatro al ochenta y siete: todos los mencionados Sres. declaran que cuando el solar de la Sucesión Guarch estuvo sin construcción, fué cuando únicamente el Sr. Quiñones en él ordeñaba sus vacas, lo mismo que entraba cualquier particular; mas nada de eso ocurrió después de comenzada la obra y de cercada: que la casa de los demandantes tiene un portón por la calle de Baldorioty para entrada de coches y animales, el que conduce á su patio y de éste por una puerta á un solar contiguo, cuya salida fué siempre por esa calle: que generalmente entre las casas de material no se deja hueco alguno y así se ha hecho ahora con dos que se han fabricado en Caguas: los testigos Juan Zargentón y Liborio Jorge, dijeron que los comisionó Don Nicolás Quiñones en presencia de varios operarios para que dijeran al demandado que no fabricara el callejón que había existido y por cuya concesión le pagaría quinientos pesos: que también dijo que había solicitado varias veces del Ayuntamiento el solar en que fabrica la Sucesión demandada siéndole negado y que por ello y por que el tutor no quería venderle el callejón le pondría pleito con objeto de mortificarle, toda vez que sabía que para ello no tenía derecho, haciéndolo únicamente por temeridad.—12.—Resultando:—que terminada la prueba quedó el juicio concluso para sentencia, cuya votación tuvo efecto el veinte y cinco de los corrientes y que en la tramitación del juicio se han observado las reglas del procemiento.—Siendo Ponente el Juez Asociado D. Charles E. Foote.—1. Considerando: que el actor alega para fundar su demanda dos

derechos que no pueden coexistir en él: el de posesión del calle-
jón en que edifica la parte demandada y el de servidumbre del mis-
mo callejón á favor del promovente, si es que la posesión se alega
en concepto de dueño ó como derivación directa de esos derechos
dominicales y la servidumbre como limitación de los derechos de
propiedad de otra persona.—2.—Considerando: que dando la inter-
pretación más favorable á las alegaciones del demandante, solo pue-
de entenderse que funda su derecho en la posesión de la servidum-
bre de paso por el callejón ameritado y que habiendo sido inte-
rrumpida dicha servidumbre utilizaba el interdicto de obra nueva
para evitar el despojo de su derecho.—3.—Considerando: que fija-
dos así los términos del debate correspondía al actor traer al juicio
algún principio de prueba de la existencia de la servidumbre que
dice interrumpida, la que por pertenecer á la clase de las discon-
tinuas debía constar en título, bien la prueba consistiera en la pre-
sentación de éste, aparte de su discutibilidad en juicio ordinario,
bien en la testifical ú otra pertinente, que tendiese á probar la exis-
tencia de ese título, en que se funda el interrumpido derecho de
servidumbre.—4.—Considerando: que apreciada la prueba en su con-
junto, no se viene en conocimiento de que el actor de modo más ó
menos eficaz gozase de un derecho y por tanto no puede apreciarse
que la nueva construcción efectuada por los demandados prive al
demandante del disfrute de ese derecho, lesión por la que concede
la ley de Enjuiciamiento el interdicto de obra nueva, pudiendo
las demás perturbaciones contra Ley tratarse en la forma amplia
del juicio ordinario correspondiente.—5.—Considerando: que la prue-
ba de ambas partes demuestra que reconocen al Ayuntamiento de
Caguas como dueño ó poseedor del callejón en que se construye la
obra nueva, sin que la parte actora presente comprobante alguno
de que se la haya concedido por dicha Corporación el uso de la ex-
presada propiedad.—6.—Considerando: que en la tramitación de este
juicio se han observado las prescripciones legales.—Vistos los artí-
culos 430, 546 y 547 del Código Civil, los artículos 1661 y siguien-
tes de la Ley de Enjuiciamiento Civil, en lo no modificada por la
Orden General número 118, serie de 1899.—*Fallamos*: que debe-
mos mandar y mandamos alzar la suspensión acordada en este jui-
cio, de la obra que en la calle de Betances de la Ciudad de Caguas,
frente al Parque Central, está construyendo la demandada Suce-
sión Guarch y Ríos, representada por el Sr. Don José del Carmen
Jiménez, sin perjuicio de lo dispuesto en el artículo 1673 de la Ley
de Enjuiciamiento Civil; condenando á Da. Dolores Jiménez Cruz al

pago de las costas; Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.—Salvador Fulladosa.—Ramón Quiñones.—Charles E. Foote.''

En su argumento en esta Corte, y en su alegato por escrito, el Abogado del apelante sostuvo que la alegación fundamental de la demanda tenía dos aspectos, el de derecho y el de gravamen real de servidumbre, ageno á los interdictos, y el de hecho, el objeto especial de estos juicios sumarísimos.

Pero no se investiga en los interdictos cualquiera, ni todo hecho, sino un solo hecho especial, á saber: el hecho de la posesión. Dice Manresa, en su obra sobre Enjuiciamiento Civil, Título XX: ''Son, pues, los interdictos unos juicios sumarísimos, que tienen por objeto decidir interinamente sobre la actual y momentánea posesión, ó sea sobre el hecho de la posesión, sin perjuicio del derecho de los interesados: y también suspender ó evitar un hecho que nos perjudica ó puede causar daño.''

Y generalmente los autores tratan de los interdictos como juicios posesorios con el objeto de protejer la posesión. Es demasiado indeterminado decir que es el objeto del interdicto investigar el ''aspecto de hecho''. Además, aunque parece ser verdad demasiado evidente para decirlo, la posesión no puede existir, sin existir la cosa poseída.

Aceptando pues la división del Código Civil de las cosas en cosas corporales y cosas incorporales, no puede presentarse dificultad alguna al tratar de la posesión de una cosa corporal. No hay que demostrar nada para saber lo que significa la posesión de una cosa que es tangible. Pero la mayor dificultad que se presenta en un caso como el presente, es la de concebir una idea adecuada de lo que significa la posesión de una cosa incorporal, como la servidumbre. ¿Si se ha de investigar el hecho de la posesión, cuál es la naturaleza de la prueba que se necesita

para demostrarlo? En vista de que las sentencias dicta-
das en interdictos no se pasaban para su revisión ante la
Corte Suprema de España, no existe nada en la jurispru-
dencia de dicho Tribunal que nos pueda servir de guía.
Después de una laboriosa consideración la Corte es de
opinión que aunque puede ser que no es necesario demos-
trar la adquisición ú origen de una servidumbre, ó los de-
más incidentes de un juicio ordinario, es obligación del
demandante probar hechos suficientes de los cuales pue-
de deducirse la existencia de la servidumbre y el uso del
mismo por él.

Las pruebas han sido muy bien sumarizadas por la Cor-
te inferior. La apelante reclama el uso de una servidum-
bre de paso por un callejón de tres pies ó menos, contiguo
á su casa en la calle de Betances, y ofrece prueba para de-
mostrar que ha usado dicho callejón (propiedad de la Mu-
nicipalidad de Caguas) para varios propósitos. Sin em-
bargo, hay otras pruebas que demuestran que, con excep-
ción de hacer la limpieza del citado callejón, y de pintar
la pared de su casa, todos aquellos actos pueden verificar-
se y se han verificado en varias ocasiones, por la entrada
á la calle de Alfonso XII, estando situada la casa de la
demandante en la esquina de las dos calles. En cuanto á
la pintura de la pared no hay pruebas de que jamás haya
sido pintada, y mucho menos de que lo haya sido en la
parte descrita, puesto que los testigos se limitan á decla-
rar que no había lugar suficiente de hacerlo. Ahora bien,
el callejón de que nos ocupamos es indudablemente la
propiedad de la Municipalidad, y sería demasiado ya, pe-
·dir á la Corte que infiriese la existencia de una servidum-
bre por el mero hecho de limpiar el callejón. Los testigos
que declaran que se limpiaba, también dicen que se verifi-
caban los demás actos, y si existe alguna duda en cuanto
á la continuidad de aquellos actos ó la frecuencia con que
se verificaban, para mostrar una servidumbre, la misma

duda se presentará en cuanto al que no se ha controvertido directamente.

Otra prueba positiva del demandado, y que no se ha contradicho, merece la misma consideración. Es al efecto que antes de construirse la casa de la Sucesión Guarch, y el solar en el cual está construída dicha casa, junto con el callejón, se usaba por el público en general, sin la segregación del callejón; que anteriormente la entrada principal de la casa de la demandante estaba en la calle de Alfonso XII, y la servidumbre, si existía alguna, no podría haber existido durante más de ocho años, porque dentro de dicho término se construyó la casa. Considerando la prueba toda en conjunto no es suficiente para fundar en ella una sentencia de suspensión de la obra principiada.

En vista del derecho que asiste á los demandados después de considerado el vago y variable carácter de las alegaciones hechas por la demandante, en unión de la prueba, el Tribunal está convencido de que se ha hecho cumplida justicia y que debe confirmarse la sentencia de la Corte inferior.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y MacLeary.